## PALAKE *vs.* PAAKAULA.

### IN EQUITY.  BEFORE HARRIS, C.J.

### MAY, 1880.

The Court deprecates loose and epistolary pleading, and suggests that practitioners be personally mulcted in costs, as the only way of bringing them to a proper sense of their duty.
Demurrer sustained for loose pleading in the bill.

### DECISION OF HARRIS, C.J.

The statements in this bill are not set forth with that precision, the absence of which I have so frequently spoken of; and certainly it would appear to me that practitioners have been admonished so frequently upon this point, that perseverance in a loose and epistolary way of stating their complaint ought to subject them to some inconvenience or punishment; and, indeed, it would appear that the only way of bringing the practitioners to a proper sense of their duty would be to mulct them in costs in such a manner that they could not charge their clients.

The allegations in this bill are such that, if proved, they will be sufficient to set aside this deed. It is said in the demurrer on file, that the bill does not allege any fraud, deceit or other improper conduct on the part of this respondent or other person. The bill does allege that the complainant, whilst

affected by illness and unconscious of his acts, unknowingly signed this deed in question. Now, it would be just as well to have alleged that the defendant, whilst the plaintiff was in such a state, procured that the plaintiff should sign this deed with the intention to defraud the said plaintiff or his heirs; so likewise with regard to the signature, it would be a very simple thing to set forth, as the bill does set forth, the ability of the plaintiff to write, and that the deed is signed by a mark which the plaintiff has no remembrance to have made, and which he alleges was affixed to said deed with intention to defraud.

The third averment in the demurrer is that it does not appear that the defendant knew of the unsoundness of the plaintiff's mind when the deed was delivered. That fact seems to me to be sufficiently set forth in the sentence "that the plaintiff at the time of making said deed was quite unconscious."

The fifth averment in the demurrer is that it does not appear by the said bill that the consideration money mentioned in the deed is not the full value of the premises. This is certainly true, and it would be just as easy to set it forth, but the bill does set forth that the consideration money mentioned was never paid at all.

Upon the whole, therefore, I think that the administration of justice would better be subserved by directing the plaintiff to amend his bill to meet the objections of the demurrer, and the defendant have ten days after the filing of the amended bill to answer.

*R. F. Bickerton,* for plaintiff.
*Castle & Hatch,* for defendant.
Honolulu, May 7th, 1880.